The Brotherhood of Locomotive Engineers v. Union Pacific Railroad is up for argument next. The Brotherhood of Locomotive Engineers v. Union Pacific Railroad is up for argument next. May it please the Court, Michael Schorsch for the appellant, the Brotherhood of Locomotive Engineers and Trainmen, or BLET. The BLET is before the Court this morning to challenge an arbitration award from the National Railroad Adjustment Board, or NRAB. Really, the BLET has what boiled down to two problems with this award. The first is a jurisdictional problem. The second has to do with the arbitral body's failure to abide by the plain text of the RLA and the Due Process Clause of the Constitution. I want to address the jurisdictional piece first. In Union Pacific v. Brotherhood of Locomotive Engineers and Trainmen, case from 2009, the United States Supreme Court unanimously held that the NRAB must exercise the jurisdiction. The what? I'm sorry, the Adjustment Board. If you could use real English words, it would help us non-specialists. I apologize, Your Honor. The United States Supreme Court held that the Adjustment Board must exercise the jurisdiction that Congress gave it. Here, the Adjustment Board's jurisdiction is set out in the Railway Labor Act at 45 U.S.C. section 153, first, paragraph H. That part of the statute repeatedly uses the word jurisdiction and it's totally clear that it's talking about the jurisdiction of the Adjustment Board. And there, Congress gave the Adjustment Board jurisdiction over disputes involving employees. Counsel, let me tell you what my problem with your argument is. You agree that the Board had jurisdiction to rule in the Union's favor, right? Correct, Your Honor. Well, jurisdiction means adjudicatory competence. If it could rule in the Union's favor, it had jurisdiction to rule in the employer's favor. I don't see how there can be a situation in which the Board has jurisdiction only to rule for the Union. But that seems to be your argument. Our argument, Your Honor, is that the Board had jurisdiction to determine Mr. Griff's rights as an employee. He was a dual-status individual. He was on leave from his position as an engineer. This isn't disputed by the parties. He was on leave from that position as an engineer. And he was a manager. Managers are excluded from the definition of employee under the RLA. Again and again, the award talks about management employees, talks about the rights of management employees, about how the railroad can treat, quote, management employees. All of these statements are ultra viris and of no effect. I don't understand. I don't even understand the concept of how statements can be ultra viris. I understand how exercises of power can exceed jurisdiction. But we don't line edit the decisions of the Board in the name of subject matter jurisdiction. That's right. The holding, the holding of the award twice uses the words management employees and makes it clear that the Board is passing on the rights of management employees. It's as if Mr. Griff makes it clear that the Board has decided that the grievance is rejected. And we're back to my question. If the Board could rule in Griff's favor, why can't it rule against Griff? Your objection is not to the Board's jurisdiction. Your objection is to the Board's reason. You think the reason is wrong. And maybe it is. But that has nothing to do with jurisdiction. With respect, Your Honor, the objection is about the Board's jurisdiction. Okay. The, one could imagine a situation where there was a dispute involving an employee which literally would be within the Board's jurisdiction under the language of the statute. But the Board does not thereby get power to pass on everything simply involving an employee. The Board cannot announce the rights of managers. Managers cannot come before the Board. Mr. Griff was only before the Board as a locomotive engineer. And in that sense, the Board should have ruled on his rights as a locomotive engineer instead of ruling on his rights as a manager. The Board did so. It said he didn't have any because he was a managerial employee.  All we can go on is the arbitration award that we got from the Adjustment Board. And throughout the opinion, the Adjustment Board speaks of management employees and their rights. So, why does that make this award outside the Board's jurisdiction? Because the Board had to classify him for purposes of ruling on your claim on his behalf. That's correct, Your Honor. So, nothing the Board said was outside of its jurisdiction in ruling on your claim that he was entitled to benefits as an employee under the CBA. If the Board had addressed his rights as an employee, it would have been forced to grapple with the discipline rule. Because the Board chose to address him as a manager, a person who cannot come before the Board, the Board was able to sidestep the clearly applicable discipline rule. He had to be classified first as fish or fowl, right? Sure, Your Honor. If I could briefly pose a hypothetical. If Mr. Griff had come before the Board because he was a property holder and he had a property dispute with the railroad, the NRAB would not have jurisdiction to rule on his rights as a property holder. It has no jurisdiction over that question, even though he is an employee and he might be in a dispute with a railroad. Here, the Adjustment Board had no jurisdiction to address his rights as a manager. There is a grant of federal jurisdiction to consider claims by or against employees of the United States. That's in the, you know, in Title 28. Suppose a case is filed by somebody who says, I'm an employee of the United States and I make the following claims. And the judge says, no, you're not. You're a private employee. You are not an employee of the United States. Does the judge lose jurisdiction at that point? I'm sorry, Your Honor. I'm not. That's a very well-established issue and the answer is no. Similarly, in order to have diversity jurisdiction, the amount in controversy must be $75,000 or more. Suppose at the end of the case, the judge says, the plaintiff wins and is entitled to $50,000. Does the judge lose jurisdiction? Of course not. The answer is no. Right? We could go through this. I don't see why this is any different. Griff comes before the board and says, I am a laborer who is entitled to the following rights of seniority as a locomotive engineer. And the board says, no, you're not. Why does it cause the board to lose jurisdiction? If the board had said simply, no, you're not, you're a manager, the correct course at that point would have been for the board to decline jurisdiction. Then you should answer all of my questions like the district judge should say, it's only worth $50,000, suit dismissed. Go to state court and resolve the merits there. The claim federal employee, his suit should be dismissed for lack of jurisdiction. But that's not what happens. The adjustment board is different from an Article III court. I'll give you a bankruptcy court, which is not an Article III court. The bankruptcy code allows debtors in bankruptcy to do certain things and permits bankruptcy judges to adjudicate their claims. Suppose a month into the case, the bankruptcy judge concludes that this person is not properly a debtor in bankruptcy because he can actually pay all his debts. Does he have to dismiss for want of jurisdiction? The answer is no. No. With permission, I'd reserve the rest of my time for recall. Okay. Ms. Davis. Good morning, Your Honors. May it please the court. 30 years ago, this court expressed frustration with appellates who appealed arbitration awards asking the court to set them aside. In the Hill case, the court said, as we have said too many times to want to repeat again, the question is whether the arbitrator interpreted the contract. If they did, their interpretation is conclusive. That's exactly why we're here today. We have an arbitrator or the board who interpreted the contract and that interpretation is conclusive. We don't ask whether the arbitrator was right or wrong or had factual legal errors. Instead, we ask only, did the arbitrator do what he was told to do? And in this case, that's to resolve the issue of whether Mr. Griff had a right to an investigation prior to losing the ability to exercise his seniority as an engineer under Article IX. We know that the arbitrator interpreted the contract. How do we know? He quoted it. And then for the next four pages or so, he talked about what the contract entitled Mr. Griff to or didn't entitle Mr. Griff to, talked about some precedent, and talked about some practice between the parties. At that point, Referee Darby interpreted Article IX to give Mr. Griff the ability to exercise his seniority at any time prior to his termination from an at-will position. The district court, of course, affirmed that decision and held that the board had explicitly interpreted the contract language. Here, BLET's arguments really break down because they are trying to fit this case into the very narrow aspects where a court could overturn an arbitration award. And to do that, you can tell that they are simply complaining about what the arbitrator awarded. And I know that because if I look at what BLET is asking for, it's asking for an investigatory hearing prior to the loss of Mr. Griff's seniority. That's exactly what they asked and advocated for when they were before the arbitrator, and they lost. As the court pointed out, with respect to jurisdiction, the board does have jurisdiction. It simply found that Mr. Griff had no rights to his seniority under Article IX, and it did so by interpreting the contract. Once the arbitrator has interpreted the contract, there's no more analysis necessary for this court. As to the due process argument that BLET's counsel alluded to in his portion of the argument, Mr. Griff was afforded due process. To the extent that they're complaining that Union Pacific violated Mr. Griff's constitutional due process, this court has already held in the Hill decision that a private railroad cannot violate Mr. Griff's constitutional due process. To the extent that the board owed him process, he got what he was due. He had notice of the hearing. It was based on the evidence, and he received an impartial decision. The fact that the board's decision was not in line or what Mr. Griff had asked for does not mean that he was deprived of due process. The last argument that BLET makes to challenge the arbitration award is that the matter was not handled in the usual manner, and the usual manner under the RLA is something that the parties are allowed to define under their collective bargaining agreement. This court held that in the Ryan case. Nothing in the collective bargaining agreement says we have to have a hearing. The arbitrator already said that, and so we could not have deprived Mr. Griff of a hearing that he was not entitled to. Finally, Union Pacific is requesting that the court award sanctions in this case because the appeal is frivolous. Under Rule 38, sanctions may be awarded by this court if the case is frivolous because it wastes the court's time as well as the appellee's time and money. If you look at BLET's briefs, it doesn't address that deferential standard that has been addressed over and over again and had been as of even 30 years ago. Union Pacific was very patient at the district court level, and we received a very clear motion for summary judgment decision in Union Pacific's favor. All of BLET's arguments are arguments about the arbitrator's interpretation of the collective bargaining agreement dressed up in other clothing. That just causes delay in a method of non-judicial resolution that was intended to avoid delay. So for these reasons, we would request that this court grant sanctions against BLET for the filing of this brief. If the court has no further questions, I'll see you at the floor. Thank you, counsel. Anything further, Mr. Short? Yes, Your Honor. Just a couple points. First of all, counsel for appellee just stated we didn't cite the standard. That's not true. We cited on page 9 of our opening brief. We cite the Lyons case, say that if the court finds that there was a contract interpretation, the court must defer to it. I think that's a fair statement of the standard. Look, I just want to say that these jurisdictional questions in the RLA they can be tricky questions. We've litigated them before. The BLET is a responsible litigant. The last time we brought a true jurisdictional statement before this court was a good 10 years ago. A true jurisdictional question before this court was a good 10 years ago. We succeeded in getting the arbitration set aside there  We're not interested in wasting our members' money and we don't need the additional specter of sanctions to deter us from appeals that we would deem privileged. We've had hundreds of opportunities to appeal arbitration awards and have not done so. Thank you very much. The case is taken under advisement.